# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* L.C.-1

No. 20-0591 (Wetzel County 19-JA-17)

## MEMORANDUM DECISION

Petitioner Father L.C.-2, by counsel Michael B. Baum, appeals the Circuit Court of Wetzel County's June 24, 2020, order terminating his parental rights to L.C.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Elmer Earl Bowser Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than employing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed an abuse and neglect petition against petitioner and the mother alleging that petitioner had abandoned L.C.-1 by failing to visit, have meaningful contact with, and/or financially support the child. Further, the child was living with her mother and the mother's boyfriend despite the fact that the mother's home was in deplorable condition with no utilities, including electric, water, or heating. The DHHR further alleged that there was no supervision of the child and no food in the home. Petitioner waived his preliminary hearing and was granted supervised visitation. The DHHR later filed an amended petition, alleging that the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as L.C.-1 and L.C.-2, respectively, throughout this memorandum decision.

1

child was sexually abused by the mother's boyfriend and the mother had knowledge of the same. The amended petition also established petitioner's paternity of the child.

During the March of 2020 adjudicatory hearing, petitioner testified that he was incarcerated at the time of ten-year-old L.C.-1's birth and acknowledged that he failed to financially support the child. Petitioner testified that it had been several months since he had seen the child and blamed the mother for preventing him from seeing the child. However, on cross-examination, petitioner acknowledged that he had not initiated any court actions to seek visitation with the child. Further, petitioner testified that he had not sent the child any correspondence, such as birthday cards or gifts, or attended her school events. Petitioner testified that he had only seen the child five or six times since 2012 and had not provided the mother with any child support or otherwise financially supported the child. After taking additional evidence, the circuit court found that petitioner had "neglected and abandoned" the child and failed to initiate court proceedings to visit with the child.

In June of 2020, the circuit court held a dispositional hearing wherein petitioner conceded that nothing had changed since the adjudicatory hearing and admitted that he failed to bond with the child. Petitioner testified that he was renting a room in someone else's home and lacked his own housing. Petitioner also admitted that he did not have a driver's license after his third DUI conviction. A DHHR caseworker testified that the child did not mention petitioner during their meetings and the child expressed no interest in living with petitioner. The caseworker further testified that she recommended termination of petitioner's parental rights, as no services could correct the conditions of abandonment. The DHHR also put on evidence that petitioner's parental rights were involuntarily terminated to an older child in a previous proceeding. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of neglect in the near future and that termination was necessary for the child's welfare. It is from the June 24, 2020, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother voluntarily relinquished her parental rights and has not filed an appeal. The permanency plan for the child is adoption by her foster family.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than granting him a less-restrictive disposition because he repeatedly voiced a desire to reestablish a bond with L.C.-1 through supervised visitations. According to petitioner, the circuit court was required to give precedence to the dispositions as listed in West Virginia Code § 49-4-604(c) and that it should have granted him disposition pursuant to § 49-4-604(c)(5).[3] We find no error in the circuit court's termination of petitioner's parental rights.

Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) defines "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" as follows: "the abusing [parent] . . . ha[s] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his] own or with help."

Here, petitioner's parental rights were terminated due to his lack of financial or emotional support to the child, little visitation or bonding with the child, and aggravating circumstances from the prior termination of his parental rights. While petitioner argues that he could not provide for the child during his period of incarceration, the record shows that petitioner failed to provide support upon his release. To the extent petitioner argues that he has been hindered from visiting the child by the mother, we note that the circuit court found this testimony to not be credible after he failed to submit any evidence supporting any interference from the mother. Further, petitioner argues that if his own testimony "is to be believed, he did not abandon his daughter."[4] However, the circuit court heard petitioner's testimony in this regard and weighed it against the testimony of service providers and the DHHR who attempted to assist petitioner in remedying the conditions at issue and found petitioner's own initiative to have a relationship with the child lacking. We decline to disturb these credibility determinations on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

---

[3]West Virginia Code § 49-4-604(c)(5) provides that a circuit court may

[u]pon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

[4]It is important to note that petitioner does not specifically challenge his adjudication as a neglecting parent. Similarly, petitioner does not allege that the DHHR introduced insufficient evidence to satisfy its burden of proof at adjudication in regard to the allegations against him. Instead, petitioner simply continues to dispute the circuit court's findings regarding the neglect. Because petitioner does not assert an assignment of error challenging his adjudication below, the circuit court's findings regarding petitioner's neglect are not at issue on appeal.

Further, petitioner acknowledges that "it is clear from the record" that he "did not have a close relationship with his child." As such, we find no error in the circuit court's refusal to grant petitioner a less-restrictive alternative to termination of his parental rights, given that we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). While petitioner maintains that he vocally wished to reestablish a relationship with the child at the dispositional hearing, he admitted that he had only seen the child five or six times in the preceding eight years and struggled to recall her current age or the last time he visited her. Due to petitioner's failure to address the conditions of neglect or establish a bond with the child, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Therefore, we likewise find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 24, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison